UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE ROMERO, et al., | ) | 1:05cv0484 DLB |
| | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT |
| | ) | |
| v. | ) | ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS |
| PRODUCERS DAIRY FOODS, INC., | ) | |
| | ) | (Document 142) |
| | ) | |
| Defendant. | ) | |

On October 26, 2007, the parties filed a joint memorandum in support of final approval of the Class Settlement. Class Counsel also filed a motion for attorneys' fees, costs and class representative enhancements. The matters were heard on November 9, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Costa Kerestenzis and Eileen Bissen appeared on behalf of Plaintiffs. Spencer Hipp appeared on behalf of Defendant Producers Dairy Foods, Inc. ("Defendant"). The parties have consented to the jurisdiction of the undersigned for all purposes.

**BACKGROUND**

On January 19, 2005, Plaintiffs Raymond Jeanes, Lawrence Heffington, Loren Portillo and Joe Romero ("Named Plaintiffs") filed this action in the United States District Court for the

1

Northern District of California.[1]  On April 6, 2005, the Court granted Defendant's motion to transfer venue to this Court.

On April 19, 2006, the action was certified as a class action and Raymond Jeans and Lawrence Heffington ("Named Plaintiffs") were certified as Class Representatives.  The class includes members employed as Route Sales Drivers and Relief Drivers ("Drivers") during the class period.  The action alleges that Defendant failed to pay its Drivers earned wages (regular and overtime) and failed to provide meal and rest periods as required by law.[2]  Plaintiffs sought to recover alleged unpaid wages, penalties for untimely payment of wages, and wages for alleged failure to provide rest breaks and meal periods, as well as interest and attorneys' fees.

On March 27, 2007, the parties attended a mediation session and reached a settlement in principle.  A Notice of Settlement was filed with this Court on March 27, 2007.

On May 25, 2007, the parties filed a Stipulation Regarding Settlement and requested a hearing for preliminary approval of the class action settlement.  The settlement provided, in relevant part:

1. For a fund of $240,000 payable within ninety (90) days of the effective date, less applicable taxes and other deductions authorized or required by federal, state and local law, less Plaintiffs' attorneys fees and allowed costs;

2. That the amount paid to each eligible class member was unknown at the time and could not be reasonably calculated until all claim forms are submitted and verified;

3. $14,400 of the settlement fund would be paid as a total premium for all class representatives.  Named Plaintiff Raymond Jeans would receive $4,000 and Named Plaintiff Lawrence Heffington would receive $3,000.  The remaining $7,400 was to be distributed in equal shares to each non-class representative actually deposed;

4. In exchange for the release of all settled claims, Defendant shall pay $80,000 (33% of $240,000) to Class Counsel as attorneys' fees.  Class Counsel's costs and expenses, as approved by the Court, would be paid from the funds available for settlement.  Defendant agreed not to oppose any application for attorneys' fees or

---

[1] Joe Romero was dismissed from this action on March 12, 2007.  Loren Portillo was dismissed on April 11, 2007.

[2] The allegation that Defendant failed to provide its employees with meal and rest periods was added to this action as part of the settlement reached by the parties.  Pursuant to the Court's Preliminary Approval of Class Action Settlement, the Second Amended Complaint, which included a cause of action for missed meal and rest periods, was deemed filed for settlement purposes.

costs by Class Counsel so long as the application was consistent with the provisions of the Settlement Agreement. Defendant will bear their own costs and fees.

The Court granted preliminary approval of the Class Action Settlement on June 22, 2007. It also set a schedule for further proceedings, including a November 9, 2007, Final Approval Hearing. As of the claim filing deadline, the Claims Administrator received four requests for exclusion. One hundred and four claims forms have been received. As of the objection filing deadline, counsel for the parties are not aware of any objections.

On October 26, 2007, Class Counsel filed their motion for attorneys' fees, costs and class representative enhancements. Counsel seeks (1) $80,000 in attorneys' fees; (2) costs in the amount of $20,076.37; and (3) class representative enhancements as provided for in the Settlement Agreement. Also on October 26, 2007, the parties filed a joint memorandum in support of the final approval.

**DISCUSSION**

A.   <u>Final Approval of Class Settlement</u>

The parties request that this Court approve the settlement based in part on their compliance with Court orders and the absence of any objections. They further contend that approval is appropriate and necessary to secure benefits promised to all Class Members who filed timely claims.

Rule 23(e) of the Federal Rules of Civil Procedure requires the court to determine whether a proposed settlement is fundamentally fair, adequate and reasonable. In the Ninth Circuit, a court affords a presumption of fairness to a settlement if: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected. <u>See eg.</u> <u>Hanson v. Chrysler Corp.</u>, 150 F.3d 1011, 1026 (9th Cir. 1998).

In light of these factors, the parties contend that the settlement was the result of a full day of intense negotiations between the parties and with the aid of mediator Eugene Moscovich. As to the sufficiency of discovery, the parties had conducted extensive discovery as the case had been pending for over two years at the time of the mediation. Counsel representing both sides

are experienced in wage and hour class action litigation. Finally, there were over 100 claims filed, with only four exclusions to the proposed settlement and no objections.

The Court finds that the proposed settlement is fundamentally fair, adequate and reasonable pursuant to Rule 23(e) and therefore GRANTS FINAL APPROVAL of the Class Settlement.

B.   Class Counsel's Motion for Attorneys' Fees, Costs and Class Representative Enhancements

In their motion, Class Counsel seeks (1) $80,000 in attorneys' fees; (2) costs in the amount of $20,076.37; and (3) class representative enhancements as provided for in the Settlement Agreement. Pursuant to the terms of the settlement agreement, Defendant has not objected to the requests.

1.   Attorneys' Fees

Pursuant to Rule 23(h), the Court may award reasonable attorneys' fees and nontaxable costs "authorized by law or by agreement of the parties..." A district court must therefore "carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." Staton v. Boeing, 327 F.3d 939, 963 (9th Cir. 2003).

"Under the 'common fund' doctrine, 'a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" See Staton, 327 F.3d at 967 (internal citations omitted).[3] In such cases, the relationship between the class members and counsel becomes adversarial at the fee-setting stage and the Court must therefore act as a fiduciary in determining the amount of fees. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1052 (9th Cir. 2002). The Court may award fees by using either the percentage-of-the fund method or the lodestar method, and "no presumption in favor of either the percentage or the lodestar method encumbers the district court's discretion to choose one or the other." See In re Washington Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1296 (9th Cir.1994). "As always, when determining attorneys' fees, the district court

---

[3] Although the term "common fund" is not used in the Settlement Agreement, the parties agree that the settlement fund is akin to a common fund.

4

should be guided by the fundamental principle that fee awards out of common funds be 'reasonable under the circumstances.'" Id. (internal citations omitted).

The Ninth Circuit has repeatedly held that 25 percent of the gross settlement amount is the benchmark for attorneys' fees awarded under the percentage method, with 20 to 30 percent as the usual range. Microsoft Corp., 290 F.3d at 1047. If the Court departs from that benchmark, the record must indicate the Court's reasons for doing so. See e.g., Powers v. Eichen, 229 F.3d 1249, 1256-57 (9th Cir.2000). "The benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." See Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir.1990).

In analyzing a request for fees, the Court may consider factors such as (1) the results obtained for the class; (2) the risk undertaken by counsel; (3) the complexity of the legal and factual issues; (4) the length of the professional relationship with the client; (5) the market rate; and (6) awards in similar cases. Microsoft Corp., 290 F.3d at 1048-1050; Six Mexican Workers, 904 F.2d at 1311.

In this case, Class Counsel have been involved in this case for over two years and have spent many hours litigating the issues, performing extensive research and conducting discovery. Declaration of Costa Kerestenzis ("Kerestenzis Dec."), ¶¶ 3-5, 6-8. In total, Class Counsel spent 933.83 hours litigating this action, which translates into fees of nearly $257,584.50. Kerestenzis Dec., ¶ 7.

This action also contained a complex legal issue, i.e., whether the claims for overtime compensation were barred based on the Motor Carrier Act exemption to the FLSA. Resolution of the issue involved researching and analyzing conflicting court opinions and comparing and contrasting the facts of this case to those of recent cases. Kerestenzis Dec., ¶ 12, Declaration of Eileen Bissen, ¶ 3. Had the exemption been found applicable to this case, Defendant would have brought a motion for summary judgment and the class would not have recovered. In settling the action, then, Class Counsel was able to obtain a favorable result for the Class, both in monetary compensation and in changes made to Defendant's employment policies and practices.

Class Counsel are members of the law firm Beeson, Tayer & Bodine, a small firm that has specialized in plaintiff-side employment and labor law since the 1930s. Moreover, because of its size, it had to devote substantial resources to this class action and had to turn away significant amounts of business. Kerestenzis Dec., ¶¶ 6-8.

Based on the above, as well as the agreement of the parties, the fee agreement between Class Counsel and Plaintiffs, and the lack of objections, the Court finds that $80,000 is a reasonable amount of fees in this action. "Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery." 4 Newberg and Conte, Newberg on Class Actions § 14.6 (4th ed. 2007).

2.   Costs

The costs requested, in the amount of $20,076.37, represent court fees, depositions costs, photocopying and faxing costs, and other necessary costs incurred in litigating this action. Kerestenzis Dec., ¶ 9 and Exhibit A.

This request is reasonable and shall be granted.

3.   Enhancements to the Class Representatives

Finally, Class Counsel requests that the Named Plaintiffs, Raymond Jeanes and Lawrence Heffington, receive an incentive award based on their participation in this action from start to finish. According to Class Counsel, the Named Plaintiffs spent time looking for documents, communicating with other class members to obtain information and provided counsel with important information. Kerestenzis Dec., ¶ 10. Pursuant t the terms of the Settlement Agreement, $14,400 of the total funds represent a total premium for class representatives and class members who were deposed. Jeanes would receive $4,000 and Heffington would receive $3,000. The remaining $7,400 would be distributed to the class members actually deposed.

This request is reasonable and shall be granted.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Class Action Settlement is APPROVED;
2. Class Counsel's motion for attorneys' fees, costs and class representative enhancements is GRANTED.

IT IS SO ORDERED.

Dated:   **November 13, 2007**            /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE