R. BRIAN DIXON, Bar No. 076247
SPENCER H. HIPP, Bar No. 090485
LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
Telephone:   559.244.7500
Facsimile:    559.244.7525

Attorneys for Defendant


ROBERT P. BONSALL, Bar No. 119261
JASON RABINOWITZ, Bar No. 183822
COSTA KERESTENZIS, Bar No. 186125
BEESON, TAYER & BODINE, APC.
520 Capitol Mall, Suite 300
Sacramento, CA   95814
Telephone: 916.325.2100
Facsimile:  916.325.2120

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JEANES and LAWRENCE HEFFINGTON on their own behalf and on behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and 29 U.S.C. 216, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>PRODUCERS DAIRY FOODS, INC., a California corporation,<br><br>Defendant. | Case No.  1:05-CV-00484 DLB<br><br>[ ] **FINAL JUDGMENT**<br><br>Date:  November 9, 2007<br>Time:  9:00 a.m.<br>Courtroom 9<br><br>Magistrate Judge Dennis L. Beck |

The matter having come before the Court for hearing on November 9, 2007, pursuant to the Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Order") of this Court dated June 22, 2007, and for approval of the settlement as set forth in the Parties' Stipulation Regarding Settlement ("Settlement Agreement"), filed with this Court on May 23, 2007,

[PROPOSED] FINAL JUDGMENT (NO. 1:05-CV-00484 DLB)

and due and adequate notice having been given to the Settlement Class as required by the Preliminary Order, and the Court having considered all papers filed and proceedings had herein and otherwise been fully informed, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECLARED** that:

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement. For the purposes of this Order and Final Judgment, and consistent with the Settlement Agreement, the term "Settlement Class" means those Eligible Class Members who are or were employed by Producers Dairy Foods, Inc. ("Defendant") as Route Sales Drivers or Relief Drivers and who worked more than forty (40) hours per week or more than eight (8) hours in a work day during the Class Period (as defined in the Settlement Agreement) but were not paid overtime compensation under Federal or California law, and/or who were not provided meal periods or rest periods during any work day, and who were not paid one additional hour of pay for each work day that the meal or rest period was not provided under California law.

2. This Court has jurisdiction over the subject matter of the Collective Action and the Rule 23 Class Action and over all Parties to the Collective Action and Rule 23 Class Action, including all Members of the Settlement Class.

3. Notice to the Settlement Class, including the mailing of the Class Notice, the Claim Form, and the Request for Exclusion Form, as set forth in the Settlement Agreement, has been completed in conformity with the Preliminary Order, including individual notice to all Settlement Class Members who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances. The Class Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the Class Notice, Claim Form and Request for Exclusion Form fully satisfied the requirements of due process.

4. This Court hereby approves the settlement set forth in the Settlement Agreement including the settlement awards, released claims and other terms therein, and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate to the Parties and directs the Parties to effectuate the settlement according to its terms. The Court also finds that the

Settlement Class is properly certified as a class as part of this settlement, as separate lawsuits by Settlement Class Members would create a risk of imposing incompatible standards of conduct on Defendant through inconsistent adjudications, and because Defendant has acted (or refused to act) on grounds generally applicable to the Settlement Class, so that relief with respect to the Settlement Class as a whole is appropriate.

5. All Class Members who either: (a) sent a timely Proof of Claim Form; or (b) failed to send either a timely Proof of Claim Form or Request for Exclusion Form are hereby deemed to have waived and released all Settled Claims and are forever barred and enjoined from prosecuting the Settled Claims against the Released Parties.

6. Within ninety (90) days after the Effective Date, Defendant shall pay Class Counsel the sum of Eighty Thousand Dollars ($80,000) as attorneys' fees, and the sum of Twenty Thousand Seventy Six Dollars and thirty seven cents ($20,076.37) as costs for prosecution of the Class Action.

7. Within ninety (90) days after the Effective Date, Defendant shall pay the two Named Plaintiffs and others the premium payments as follows: (1) a premium payment of Four Thousand Dollars ($4,000.00) to Raymond Jeanes and Three Thousand Dollars ($3,000.00) to Lawrence Heffington, less applicable local, state and federal income and payroll taxes and other deductions authorized or required by federal, state and local law; and (2) Defendant shall distribute $7,400.00 in equal shares to each non-class representative actually deposed, less applicable state and federal withholding tax, applicable payroll deductions, other deductions required by state and local law, and social security withholdings.

8. The Settlement shall proceed as directed in the Implementation Schedule in the Preliminary Approval Order, and no payment to Eligible Class Members, no premium payment to the Named Plaintiffs or others, and no attorneys' fees and costs to Class Counsel shall be made until after the Effective Date.

9. The Settlement Agreement is not an admission by Defendant nor is this Order and Final Judgment a finding of the validity of any claims in the Collective Action and Rule 23 Class Action or of any wrongdoing by Defendant. Furthermore, the Settlement Agreement is not a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

[PROPOSED] FINAL JUDGMENT (NO. 1:05-CV-00484 DLB)   3.

concession by Defendant and shall not be used as an admission of any fault, omission or wrongdoing by Defendant. Neither this Order and Final Judgment, the Settlement Agreement, any document referred to herein, any exhibit to any document referred to herein, any action taken to carry out the Settlement Agreement, nor any negotiations or proceedings related to the Settlement Agreement are to be construed as, or deemed to be evidence of, or an admission or concession with regard to, the denials or defenses of Defendant, and shall not be offered in evidence in any action or proceeding against the Parties hereto in any Court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order and Final Judgment. This Order and Final Judgment, the Settlement Agreement and exhibits thereto, and any other papers and records on file in the Collective Action and Rule 23 Class Action may be filed in this Court or in any other litigation as evidence of the settlement by Defendant to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Settled Claims.

10. Neither the terms of this Settlement Agreement nor the Settlement Award paid to Named Plaintiffs or any Eligible Class Members shall have any effect on the eligibility or calculation of employee benefits of the Named Plaintiffs or Eligible Class Members. The Parties agree that any Settlement Awards paid to Eligible Class Members under the terms of this Settlement Agreement do not represent any modification of any Eligible Class Member's previously credited hours of service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan or other program or policy sponsored by Defendant. Further, the Settlement Awards shall not be considered "compensation" or "annual earnings for benefits" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan, employee welfare benefit plan or other program or policy sponsored by any of the Released Parties.

11. The Class Action is hereby dismissed with prejudice, provided however, and without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) interpretation, implementation and enforcement of the settlement; and (b) enforcement and administration of the Settlement Agreement.

///

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

[PROPOSED] FINAL JUDGMENT (NO. 1:05-CV-00484 DLB)   4.

12. If the settlement does not become final and effective in accord with the terms of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered, including, but not limited to any dismissal and all releases delivered in connection therewith, shall be null and void.

**IT IS SO ORDERED.**

Dated: December 12, 2007

/s/ Dennis L. Beck
DENNIS L. BECK
MAGISTRATE JUDGE OF THE
UNITED STATES DISTRICT COURT

Firmwide:82375276.1 009370.1029